IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LINDA BRUCE, | : |
| Plaintiff, | : |
| v. | : Civil Action Number: 1:14cv18 |
| THE HARTFORD, et al., | : |
| Defendants. | : |

**MEMORANDUM OF DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY IN SUPPORT OF ITS MOTION TO SET ASIDE AND OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DATED MARCH 25, 2014**

Defendant Hartford Life and Accident Insurance Company ("Hartford"), by counsel, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, submits this Memorandum in Support of its Motion to Set Aside and Objections to the Order entered by the Magistrate Judge on March 25, 2014 (the "Order") granting, in part, the Motion to Compel of Plaintiff Linda Bruce ("Plaintiff"). *See* Order, Docket No. 31; Motion to Compel, Docket No. 24. Hartford respectfully requests that the Court set aside the Order to the extent it grants Plaintiff's motion to compel. This is a case seeking long-term disability benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). The standard of review to be applied by the Court in this ERISA case is abuse of discretion. Under these circumstances, as well as other reasons, no discovery beyond the production of the administrative record should be allowed. Nevertheless, the Magistrate Judge has ordered Hartford to produce extra-record conflict of interest discovery, which is contrary to the law of the Fourth Circuit and other district courts within this Circuit. As explained in more detail below, the Order compelling discovery is clearly erroneous and contrary to law, and it should be set aside.

## BACKGROUND[1]

Plaintiff issued discovery requests to Hartford demanding that it respond to two four-part interrogatories and eight overly broad requests for production of documents. Hartford timely served its objections. A copy of Hartford's Objections is attached as **Exhibit A.** Plaintiff filed a motion to compel discovery, Hartford filed an opposition and the parties presented oral argument on March 21, 2014. The focus of the argument was the scope of discovery in cases governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), where an abuse of discretion standard of review is applicable.

Hartford, citing to abundant authorities from the Fourth Circuit and its district courts, argued to the Magistrate Judge that extra-record discovery was not appropriate or permissible in ERISA cases governed by an abuse of discretion standard of review. Moreover, because Plaintiff filed the lawsuit before Hartford even issued a decision on her appeal, the suit was premature and the only proper remedy is for this Court to remand the case to Hartford for it to a final decision on the merits. Under these circumstances, none of the discovery sought by Plaintiff (all of which relates to Hartford's conflict of interest as a payor and a decisionmaker) could possibly lead to the discovery of admissible evidence because a conflict of interest is only relevant to a decision on the merits. Accordingly, even by Rule 26 standards, the discovery sought is beyond the permissible scope allowed by law.

Ultimately, the Court entered the Order allowing limited discovery on March 25, 2014. *See* Order, Docket No. 31. In particular, the Magistrate Judge ordered that Hartford produce

---

[1] Hartford hereby incorporates its memorandum in opposition to Plaintiff's motion to compel ("Hartford memorandum"), including its Statement of Facts, which describes the procedural posture of the underlying administrative claim for benefits. *See* Docket No. 27, at 3-7. The Hartford memorandum sets forth in detail the primary bases for Hartford's Objections to the Order. In the interests of efficiency, Hartford will not repeat the arguments and contents of the memorandum. As Hartford will also explain in more detail below, Plaintiff filed this lawsuit prematurely, without exhausting her administrative remedies, and before Hartford had issued a decision on appeal. Indeed, less than 90 days had expired subsequent to the decision on the initial denial when Plaintiff filed the Complaint.

2

(1) all agreements, guidelines and protocols existing for 2010-2012 between Hartford and a third-party vendor, MES Peer Review services ("MES"), which engages independent physicians to provide peer review services and evaluate medical records; and (2) certain statistics regarding the number of Hartford cases reviewed by Dr. Albert C. Fuchs, an independent board certified physician sometimes engaged by MES, and the number of times he found restrictions preventing work. *Id.* The specific discovery requests to which Hartford must respond, as modified by a subsequent Order issued on April 1, 2014 (Docket No. 35), are as follows:

- Plaintiff's interrogatory no. 1, parts (a) and (c) only, for the calendar years 2010-2012.

    **Interrogatory No. 1:** Provide the following for the years 2010 – current inclusive: (a) total number of disability claims referred to Dr. Albert C. Fuchs [("Dr. Fuchs")]for the performance of reviews and or examinations, . . . , and (c) how many of the stated cases found a claimant suffering from restrictions preventing work . . . . *See* Order and Ex. A.

- Plaintiff's interrogatory no. 2, part (a) only, for the calendar years 2010-2012.

    **Interrogatory No. 2:** Provide the following for the years 2010 – current inclusive: (a) total number of disability claims referred to MES Peer Review Services (a.k.a. MES Evaluations) [("MES")] for the performance of reviews and or examinations, . . . . *Id.*

- Documents described in plaintiff's document request no. 2, dollar figures redacted, that apply to calendar years 2010-2012.

    **Request No. 2:** All contractual agreements, operating instructions, or guidelines pursuant to which MES Peer Review Services (a.k.a. MED [sic] Solutions) performed any medical records review and/or peer review work during the time period 2010 – current inclusive for you. *Id.*

In response to request for documents no. 2, Hartford would be required to produce an approximately 37-page agreement (including exhibits) between Hartford and MES, entitled "Independent Medical Consultant Services Agreement," signed in January 2010 ("Services Agreement"). In response to interrogatories nos. 1 and 2, Hartford would be required to produce statistical information regarding the number of claims reviewed by Dr. Fuchs, the nature of his

3

opinions and the number of claims referred to MES for the years 2010-2012. None of this information is part of the administrative record.

**OBJECTIONS TO THE ORDER OF THE MAGISTRATE JUDGE**

The Order granting discovery is both clearly erroneous and contrary to law. The Fourth Circuit and the district courts within it have consistently held that where an insurer is granted discretion in an ERISA case, the only issue before a reviewing court is whether the insurer had a reasonable basis *in the record* for rendering its decision. Because of the limited nature of this inquiry, these courts have held that the only relevant evidence is the evidence in the administrative record, and no discovery should be permitted. The Magistrate Judge, however, did not credit this longstanding precedent. The Order's only commentary on the state of the law in regard to extra-record discovery in ERISA cases is as follows: "Like Judge Bredar in *Clark*, this court 'finds the reasoning of the circuits that have allowed extra-record discovery in the wake of *Glenn* to be both persuasive and consistent with the Fourth Circuit's treatment of *Glenn* to date.'" *See* Docket No. 31 (quoting *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 532, 2011 U.S. Dist. LEXIS 82249, at *7 (D. Md. July 27, 2011) ("*Clarke I*")).

As explained in more detail below the Magistrate Judge failed to follow Fourth Circuit precedent establishing that conflict of interest discovery in abuse of discretion cases should not be allowed; he failed to acknowledge that no discovery could aid this Court in the decisional process given that the only proper remedy in this case is a remand to Hartford; and although the Magistrate Judge cited and relied on *Clarke*, he did not follow that court's admonition that no extra-record discovery should be allowed unless and until a court analyzes the record and concludes that the conflict of interest is likely to have improperly influenced the decision to deny benefits.

Based on the foregoing, Hartford objects to the Order on the following grounds:

- **The Magistrate Judge erred because none of the extra-record discovery at issue could aid the Court in its decisional process, i.e., it is not reasonably calculated to lead to the discovery of admissible evidence as required by the Federal Rules. While this would be true even in a garden variety denial of benefits claim under Section 502(a)(1)(B) of ERISA, it is *particularly* true here, where the administrative review was never completed and the administrative record is therefore incomplete. Because the only proper remedy is a remand for further review, discovery relating to a conflict of interest is not relevant.**

- **The Magistrate Judge erred in finding that extra-record conflict of interest discovery is permissible in abuse of discretion ERISA cases, contrary to existing Fourth Circuit precedent.**

- **The Magistrate Judge erred in failing to follow *Abromitis v. Cont. Cas. Co./CNA Ins. Co.*, 114 F. App'x 57, 61 (4th Cir. 2004), which is binding Fourth Circuit precedent holding that discovery regarding third-party vendors is not relevant to an insurer's conflict of interest.**

- **The Magistrate Judge erred by ordering discovery without first scrutinizing the record to determine the likelihood that the conflict of interest improperly influenced Hartford.**

In light of these errors, this Court should set aside the Order in accordance with Rule 72(a) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a District Court must modify or set aside any part of the Magistrate Judge's order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). *See Carlucci v. Han*, 292 F.R.D. 309, 312 (E.D. Va. 2013) (quoting *Everett v. Cherry*, 671 F. Supp. 2d 819, 820 (E.D. Va. 2009), *aff'd sub nom. Everett v. Prison Health Servs.*, 412 F. App'x 604 (4th Cir. 2011)). "A court's 'finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); citing *Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985)). Rulings on questions of law, however, are

5

reviewed *de novo* to determine whether they are contrary to law. *See HSBC Bank USA, N.A. v. Resh*, 2014 U.S. Dist. LEXIS 10176, at *19 (S.D. W. Va. Jan. 28, 2014). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Attard Indus. v. United States Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 80785, at *5 (E.D. Va. Aug. 5, 2010) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). Thus, "for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, N.A.*, 2014 U.S. Dist. LEXIS 10176, at *19 (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)).

**ARGUMENT**

**I.     The Magistrate Judge Erred Because None Of The Discovery Sought By Plaintiff Or Granted By The Court Could Aid The Court In Its Decisional Process Given The Procedural Context Of This Case.**

As Hartford explained to the Magistrate Judge, it is not necessary for the Court to reach a decision in this case regarding whether extra-record conflict of interest discovery is permissible after *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). The Court need not address this issue because the procedural context of this case is unusual – Plaintiff filed suit while Hartford was in the midst of deciding the appeal of its initial denial and continuing to gather facts in advance of its decision. Hartford had requested Plaintiff undergo an independent functional capacity evaluation so that it could assess her restrictions and limitations. Rather than comply, Plaintiff contended that Hartford failed to timely decide her appeal, and prematurely filed suit, alleging that her administrative remedies had been "deemed exhausted." *See* Complaint, ¶¶ 15-16; 29 C.F.R. § 2560.503-1(l). Under any test, Plaintiff short-circuited the administrative process.

Assuming *arguendo* that Plaintiff is correct (which is not the case) and Hartford had not strictly complied with the applicable ERISA regulations, she is nevertheless entitled to no

conflict of interest discovery. Under well established law, when there has been a procedural irregularity, a plaintiff's only is a remand to the administrator for further review. *See, e.g., Gagliano v. Reliance Std. Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008) ("In cases where there is a procedural ERISA violation, we have recognized the appropriate remedy is to remand the matter to the plan administrator so that a 'full and fair review' can be accomplished."); *Ward v. Cigna Life Ins. Co.*, 776 F. Supp. 2d 155, 165 (W.D.N.C. 2011) ("'Where there has been a problem in a plan administrator's decision making process, but it is not clear that the plan participant is entitled to benefits, the appropriate remedy is to remand' for a 'full and fair inquiry.'" (quoting *Blajei v. Sedgwick Claims Mgmt. Servs., Inc.*, 721 F.Supp.2d 584, 611 (E.D. Mich. 2010))); *see also Wertheim v. Hartford Life Ins. Co.,* 268 F. Supp. 2d 643, 660-61 (E. D. Va. 2003) (citing *Bernstein v. Capital Care, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995); *Arnold v. Hartford Life Ins. Co.,* 527 F. Supp.2d 495, 503 n.4 (W.D. Va. 2007).

As this Court explained in *Wertheim,* the "policy underlying the necessity for a remand in these circumstances is clear: 'The administration of benefit and pension plans should be the function of the designated fiduciaries, not the federal courts." *Wertheim*, 268 F. Supp.2d at 661 (quoting *Bernstein v. Capital Care, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995)). In other words, claims fiduciaries decide benefit claims in the first instance, not federal courts. "The Fourth Circuit has also emphasized 'the importance of promoting internal resolution of claims and encouraging informal and non-adversarial proceedings under ERISA.'" *Id*. Thus, "[g]iven this strong policy in favor of internal administrative resolution of claims, and given the nature of the procedural errors committed here, it is undeniable that the proper solution is to remand the matter to the plan administrator for a 'full and fair review.'" *Id*. (quoting *Weaver v. Phoenix Home Life Mutual Ins. Co.*, 990 F.3d 154, 159 (4th Cir. 1993). *See also Gorski v. ITT Long Term Disability*

*Plan For Salaried Emples.*, 314 F. App'x 540, 548 (4th Cir. 2008) ("'[T]he administration of benefit and pension plans should be the function of the designated fiduciaries, not the federal courts.'" (quoting *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995))); *Prowell v. UPS Flexible Benefits Plan*, 2011 U.S. Dist. LEXIS 123666, at *17 (D. Md. Oct. 26, 2011) (same); *Zhou v. Metro. Life Ins. Co.*, 807 F. Supp. 2d 458, 475 (D. Md. 2011) (quoting *Bernstein* and recognizing the Fourth Circuit's "policy of favoring resolution by the plan administrator"); *Holbrook v. Liberty Life Assur. Co.*, 2006 U.S. Dist. LEXIS 25614, at *6-7 (W.D. Va. Apr. 28, 2006) (citing *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989) for the proposition that "Congress intended plan fiduciaries not the federal courts, to have primary responsibility for claims processing."); *Clark v. Metro. Life Ins. Co.*, 369 F. Supp. 2d 770, 780 (E.D. Va. 2005) ("[T]he Fourth Circuit has expressed concern that the administration of benefit and pension plans should be the function of the designated fiduciaries, not the federal courts. The Fourth Circuit also emphasized the importance of promoting internal resolution of claims and encouraging informal and non-adversarial proceedings under ERISA." (citing *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788-89 (4th Cir. 1995))).

These principles are important because they provide the legal framework that controls the what is relevant in this case. Because remand is the only proper remedy in a case where an insurer has not decided an appeal and rendered a final decision, no conflict of interest discovery could have any conceivable bearing on any issue in the case. The conflict of interest issue is pertinent only to a decision on the merits, i.e., whether an insurer abused its discretion in denying a claim. The merits, however, are *not* at issue in this case, where no final decision was even rendered by Hartford.

A case right on point that arose in this Court is *Wertheim*. There, Hartford was found to have violated multiple regulations then-existing under ERISA by failing to issue a written denial decision, by failing to process the claim within 90 days of receipt, and by "fail[ing] to respond, either orally or in writing, to the notice of appeal filed by plaintiff's counsel." *Wertheim*, 268 F. Supp.2d at 660. "The question then presented" was whether the claim should be "deemed denied" and reviewed *de novo* on its merits by the court or whether it should be "deemed denied" and remanded to Hartford. *Id.*[2] The Court answered its own question and held that "[i]t is well-settled in the Fourth Circuit that generally 'where the plan administrator has failed to comply with ERISA's procedural guidelines . . . the proper course of action for the court is remand to the plan administrator for a 'full and review.'" *Id.* (citations omitted).

*Wertheim* involved procedural violations *far more egregious* than those alleged in the instant case, yet the Court held remand was the proper remedy. Given that remand is the only proper remedy, the motion to compel discovery should have been denied in its entirety as serving no useful purpose. The frequency with which MES selected a particular independent medical professional (Dr. Fuchs) for Hartford cases, and the nature of that professional's opinions, has no conceivable relevance here. The same is true for the contents of any agreement between Hartford and MES. How these facts could possibly have any bearing on the outcome of the present case, where remand is the only proper remedy, is unexplained and inexplicable.

Under the Federal Rules of Civil Procedure, discovery requests must be reasonably calculated to lead to the discovery of admissible information. The Rules thus require a threshold showing that the information requested will have some relevance. *See* Fed. R. Civ. P. 26(b)(2)(C) (requiring that discovery be limited where it is determined that the burden of

---

[2] *Wertheim* was decided under the pro-2002 ERISA regulations, but the principles regarding remand remain good law.

discovery outweighs its likely benefit considering, among other things, the importance of the discovery in resolving the issues at stake in the action). Because this discovery could have relevance only to the conflict of interest analysis, which is pertinent only to a decision on the merits, it should not be allowed.

II. **The Court Erred In Finding That Extra-Record Discovery Is Permissible In Abuse Of Discretion ERISA Cases, Contrary To Fourth Circuit Precedent.**

The Order breaks new ground in the Eastern District of Virginia by finding that some, albeit limited, extra-record conflict of interest discovery is permissible in ERISA cases governed by an abuse of discretion standard of review. Heretofore, consistent with the ERISA goal of efficient dispute resolution, the abuse of discretion standard of review and many cases decided by the Fourth Circuit, practitioners and courts have relied solely on the administrative record for deciding benefit claims under ERISA and no discovery has been permissible. The Order is inconsistent with prior precedent and practice, and it was not correctly decided.

The limitations on discovery under ERISA have been fully addressed in Hartford's memorandum at pages 8-19, which is incorporated herein. There, Hartford discussed at length (1) that the Fourth Circuit and district courts within it have historically denied discovery in ERISA abuse of discretion cases; (2) that *Glenn* was not a discovery case, did not mention discovery and did not open the door to discovery; and (3) that post-*Glenn*, the Fourth Circuit has continued to recognize that ERISA cases should be decided based solely on the administrative record, that the structural conflict of interest is merely one factor to be taken into account, and that no discovery is necessary to establish a conflict of interest when a *structural* conflict is conceded, i.e., the payor and the decisionmaker are one and the same (as in the case of an insurer). *See* Hartford memorandum at 8-19.

The Magistrate Judge rejected the arguments of Hartford in a single sentence, finding that: "Like Judge Bredar in *Clark*, this court 'finds the reasoning of the circuits that have allowed extra-record discovery in the wake of *Glenn* to be both persuasive and consistent with the Fourth Circuit's treatment of *Glenn* to date." *See* Docket No. 31 (quoting *Clarke I*, 799 F. Supp. 2d at 532). This holding is contrary to the law of the Fourth Circuit, which has found, even post-*Glenn*, that the presence of a structural conflict does not expand the scope of evidence to be taken into account by a reviewing court, and thus does not expand the scope of discovery beyond the administrative record. *See Dean v. Daimler Chrysler Life, Disability & Health Care Benefits Program*, 2011 U.S. App. LEXIS 14916, at *2 (4th Cir. July 19, 2011) (denying a request for extra-record financial information sought by the plaintiff because it would relate only to whether a conflict of interest existed, which was already established by the dual role of the insurer); *see generally Frankton v. Metro. Life Ins. Co.*, 432 F. App'x 210, 214 (4th Cir. 2011) ("A reviewing court's assessment of the reasonableness of an administrator's decision is limited to a review of the documents in the administrative record."); *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 631 (4th Cir. 2010) ("In the context of ERISA, this Court and the district court each conduct the same de novo review to determine whether a plan administrator abused its discretion. Both this Court and the district court conduct these respective reviews based solely on the existing administrative record, rather than on any testimony or other additional evidence obtained outside the administrative record." (internal citations omitted)); *Champion v. Black & Decker (U.S.), Inc. et al.*, 550 F.3d 353, 358-59 (4th Cir. 2008) ("As it now stands after *Glenn*, a conflict of interest is readily determinable by the dual role of an administrator or other fiduciary, and courts are to apply simply the abuse-of-discretion standard for reviewing discretionary determinations by that administrator, even if the administrator operated under a conflict of

interest."). These cases are consistent with the Fourth Circuit cases decided prior to *Glenn* that hold no conflict of interest discovery should be permitted beyond the production of the administrative record. *See, e.g., Donnell v. Metro. Life Ins. Co.,* 165 F. App'x 288, 294 (4th Cir. 2006) (affirming denial of discovery in district court and stating "judicial review of the reasonableness of MetLife's decision is limited to the body of evidence before the administrator at the time it rejected Donnell's claim").

*Dean* is the controlling Fourth Circuit authority addressing conflict of interest discovery post-*Glenn*. There, the District Court had rejected the same arguments as those presented here (by the same counsel) and denied discovery. *Dean*, 2010 U.S. Dist. LEXIS 103517, at *9-10 (D. Md. Sept. 29, 2010) (Dean "seeks further discovery primarily to support her contention that Chrysler had a conflict of interest" and as to the "other issues" that were "aimed at challenging the objectivity and honesty of the plan administrator's claim decision"). The plaintiff was denied discovery because the court had already determined there was a structural conflict. *Id*. at *10. Indeed, "it is axiomatic that this Court may only consider the materials that were before the Program fiduciaries at the time of the denial." *Id*. (citations omitted). The Fourth Circuit affirmed, holding that the extra-record financial information sought by the plaintiff "was not part of the administrative record upon which the denial was based." 2011 U.S. App. LEXIS 14916, at *2. This pronouncement by the Fourth Circuit in the context of a request for conflict of interest discovery should govern the outcome of the instant motion.

District courts within the Fourth Circuit have also refused to allow conflict of interest discovery post-*Glenn*, including courts in Virginia. *See, e.g., Hilton v. Unum Life Ins. Co. of Am.*, 2013 U.S. Dist. LEXIS 120272, at *12 (E.D. Va. Aug. 22, 2013) ("In an abuse of discretion standard of review, evidence to be considered by a district court is limited to the administrative

record, which consists of the claim file and the plan documents." (citing *Williams*, 609 F.3d at 631); *Andrusia v. Prudential Ins. Co. of Am.*, 2009 U.S. Dist. LEXIS 741, at *4-5 (W. D. Va. Jan. 7, 2009) ("discovery is not generally available in ERISA actions where the Court reviews the administrator's decision for abuse of discretion. Furthermore, allegations of a conflict of interest do not justify discovery."). Even in the District of Maryland, courts have not followed the analysis of *Clarke I* and *II*. *See, e.g., Washington v. Companion Life Ins. Co.,* 8:10cv03017, Dkt. 41 (Dec. 5, 2011) (denying a motion to compel virtually the same discovery requests issued in this case);[3] *Stewart v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 2011 U.S. Dist. LEXIS 58276, at *5 (D. Md. Jan. 13, 2011) (Rejecting attempt to obtain extra-record discovery, stating that "assuming a conflict exists, . . . the Fourth Circuit has held that a court reviewing a denial of benefits in an ERISA case is limited to the evidence in administrative record. Moreover, the Fourth Circuit reasoned in [*Champion*] that any conflict . . . should be apparent from the administrative record . . . ." (citing *Williams*, 609 F.3d at 631; *Champion*, 550 F.3d at 358-59)). *See also Dean v. Daimler Chrysler Life, Disability & Health Care Benefits Program*, 2010 U.S. Dist. LEXIS 103517, at *10 (D. Md. Sept. 29, 2010), *aff'd* 2011 U.S. App. LEXIS 14916 (4th Cir. July 19, 2011) ("Since this Court has already determined that Chrysler had a conflict of interest, Dean's request for further discovery on this issue is, presumably, moot.").[4]

In *Washington v. Companion Life Ins. Co.,* the court, in the face of *Clarke I,* expressly rejected the request for discovery. The court instead found *Dean* to be controlling and stated as follows: "I am going to deny this motion to compel and I am going to rely on what I believe the law in the Fourth Circuit to be in denying that motion. Most particularly, the *Dean* case because

---

[3] Hartford filed a copy of the transcript of the relevant hearing in *Washington* case for this Court's review, which it attached to its notice of filing of supplemental authority in response to Plaintiff's motion to compel. *See* Docket No. 29, Exhibit A.
[4] At pages 14-19 of Hartford's memorandum, it discusses the few district court cases that have allowed extra-record discovery post-*Glenn* and why they should not be applied here.

13

that is the one that has been affirmed on this point by the Fourth Circuit." *See* Transcript at 21 (attached to the notice of supplemental authority at Docket No. 29). *Washington* was an ERISA long-term disability benefits case, just like the present one, and the same arguments made here were presented in that case. The outcome should be no different in light of *Dean*.

The Magistrate Judge erred by failing to recognize that the law of the Fourth Circuit is inconsistent with *Clarke I*. For this reason, the Order is contrary to law and should be set aside.

**III.    The Magistrate Judge Erred In Failing To Follow *Abromitis v. Cont. Cas. Co./CNA Ins. Co.*, 114 F. App'x 57, 61 (4th Cir. 2004), Which Holds That Discovery Regarding Third Party Vendors (Such As MES) Is Not Relevant To An Insurer's Conflict Of Interest.**

As part of the Magistrate Judge's Order, Hartford will be required to provide statistics regarding the number of referrals it made to MES in 2010-2012; the number of times MES engaged Dr. Fuchs to review Hartford claims during that same period, and the content of those decisions; and the agreement between Hartford and MES. Plaintiff characterizes these requests as "conflict of interest" discovery, but they do not address any conflict of interest on the part of Hartford. Instead, the discovery requests are focused on the alleged conflict of interest on the part of MES and Dr. Fuchs. Presumably, Plaintiff is trying to imply that MES or Dr. Fuchs receive compensation from Hartford, so they are motivated to issue opinions in Hartford's favor.

Not only is the entire premise of Plaintiff's position false (as no inference of bias can be drawn from the requested statistics given the disparate and individualized nature of disability claims), but the focus of the requests is on the third party vendor's conflict of interest, not that of Hartford. The Fourth Circuit has held that the conflict of interest of a third party vendor is an irrelevant factor that should not be considered in an ERISA case. It is the *insurer's* conflict of interest that is relevant, not the conflict of interest of its paid vendors.

14

*Abromitis v. Cont. Casualty Co./CNA*, 114 F. App'x 57, 61 (4th Cir. 2004), is right on point. This was an ERISA case governed by an abuse of discretion standard of review. The insurer engaged a consultant (Dr. Pinder) to perform a labor market survey to determine the number of available sedentary jobs in the relevant geographic area. *Id*. at 60. The Plaintiff sought discovery virtually identical to that sought here – "the number of contracts between CNA and Dr. Pinder over the previous three years and the total amount of money that CNA paid Dr. Pinder under those contracts." *Id*. at 61. The plaintiff argued, just like Plaintiff here, that because of a "conflict of interest," Dr. Pinder "tailored her reports . . . to support claim denials." *Id*. Upon the objection of the insurer, the plaintiff filed a motion to compel, which the district court denied. *Id*. The Fourth Circuit affirmed. *Id.*

The holding of the Fourth Circuit in *Abromitis* controls the outcome of the present case and requires reversal of the Magistrate Judge. The Fourth Circuit explained that, "as the district court correctly noted, it is the administrator's conflict of interest that is relevant to the conflict-of-interest review conducted by the district court – not the plainly evident 'conflict of interest' of the administrator's *paid* employees and consultants." *Id*. (emphasis in original). The Court, citing *Booth v. Wal-Mart Stors, Inc. Assoc. Health Welfare Plan*, 201 F.3d 335, 343, n.2 (4th Cir. 2000), concluded that it "was therefore irrelevant how much business CNA provided to Dr. Pinder*, and the district court properly denied discovery on that issue*." *Id*. (emphasis added).

Recently, in *Anderson v. Reliance Standard Life Ins. Co.,* 2013 U.S. Dist. LEXIS 41009, at *21 (D. Md. Mar. 21, 2013), the court followed *Abromitis* and found that although the plaintiff had repeatedly argued that the insurer (Reliance) and certain third party medical service providers "worked under a conflict of interest," he "has not presented a comprehensible argument about a conflict of interest *in this case* . . . ." *Id*. (emphasis in original). The court

explained that Plaintiff "has not given any explanation . . . how MES or MLS are biased other than their business of providing IMEs and peer reviews. *Further, it is Reliance's [the insurer's] conflict of interest that is one of the factors in the abuse of discretion analysis, not the doctors.*" *Id.* (citing *Abromitis*, 114 F. App'x at 61; *Booth*, 201 F.3d at 343, n.2). In other words, the compensation and business provided to third party medical vendors are *irrelevant* to a court's analysis in an ERISA case.

In addition, because disability claims are so disparate and fact dependent, no inference of bias can be drawn from statistics regarding how many times a peer review provider found work restrictions versus how many times he or she did not. Each disability claim is decided based on the facts, and the bare statistics, standing alone, prove nothing. *See, e.g., Buss v. United of Omaha Life Ins. Co.*, 2014 U.S. Dist. LEXIS 4315, at *6 (D. Kan. Jan. 14, 2014) (discovery requesting the number of claims a reviewer reviewed and percentage of those claims denied was "not reasonably calculated to lead to the discovery of admissible evidence"); *Ganem v. Liberty Life Assurance Co. of Boston,* 2012 U.S. Dist. LEXIS 161072, at *24 (D. Me. Nov. 9, 2012) (denying statistical discovery regarding medical consultant's findings, explaining "the proposed medical-consultant discovery would [not] tend to materially modify the way in which this Court reviews the reasonableness of Defendant's decision"); *Fortin v. Hartford Life,* 2011 U.S. Dist. LEXIS 137118, at *2-3 (D. Me. Nov. 29, 2011) (discovery would not lead to admissible evidence and "would do nothing to further this Court's review of the evidence in this administrative record . . . [because e]ven if MCMC [a third-party vendor] recommended that claims be denied 100% of the time and Hartford denied those claims 100% of the time, it would add nothing to this record in terms of the decision made in this individual case.").[5]

---

[5] Hartford incorporates the arguments made in its memorandum in support of its motion for partial modification and relief from this Court's Order of March 25, 2014, which elaborate further on this point. *See* Docket No. 33, at 5-8.

Based on *Abromitis* alone, the motion to compel should have been denied. Accordingly, Hartford's Objection should be sustained.

## IV. The Magistrate Judge Erred By Ordering Discovery Without First Scrutinizing The Record To Determine The Likelihood That The Conflict Of Interest Improperly Influenced Hartford.

As explained above, the Magistrate Judge erred by relying on *Clarke I* to hold that *Glenn* opened the door to extra-record conflict of interest discovery. The Magistrate Judge further erred, however, because even under the holdings of *Clarke I* and the subsequent discovery decision in that case, *Clarke II*, a court, before ordering discovery, must first "carefully scrutinize the record" to determine, based on the facts, whether discovery is necessary or appropriate. *Clarke I*, 799 F. Supp. 2d at 533. There is no indication that the Magistrate Judge engaged in any such analysis here, as required under *Clarke I* and *Clarke II*.

*Clarke I* held that before allowing discovery in a conflict of interest case, a court must "carefully scrutinize the relevance and necessity of plaintiff's proposed extra-record discovery at the outset, by determining whether or not the administrative record contains enough information to allow the court to properly weigh" the structural conflict. *Clarke I*, 799 F. Supp. 2d at 533. In accordance with *Clarke I*, discovery should be allowed *only* if the record is inadequate, and only "on the specific issue of the effect of Defendant's conflict on its benefits decisions in this case." *Id*. The court was "not concerned with any alleged general unfairness in defendant's business practices, but solely with determining any impact those practices *could* have had *in this case*." *Id*. at 534 (emphasis added).

In *Clarke II,* the court issued a subsequent clarifying decision and ultimately *denied* the plaintiff's motion to compel discovery. *Clarke v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 536, 2011 U.S. Dist. LEXIS 110318 (D. Md. Sept. 28, 2011) ("*Clarke II*"). In *Clarke II*, the court refined its analysis and held that the salient question as to whether extra-record discovery

17

should be allowed is as follows: "whether or not the administrative record . . . contains enough information to allow the Court to determine the likelihood that Defendant's conflict of interest (i.e., its financial incentive to avoid paying claims) improperly influenced its decision to terminate Plaintiff's LTD benefits." *Id.* at 535-36. Because the administrative record in that case *was* sufficient, extra-record discovery was not allowed. *Id.* at 536. In particular, the court found that the plaintiff's demand for discovery in that case (like in this case) was not supported by any facts suggesting that the insurer's bias affected the outcome of the plaintiff's particular claim. *Id.* In so holding, the court pointed to record evidence that, among other things, Unum conducted an "independent Functional Capacity Evaluation" and numerous reviews of Plaintiff's medical files by Unum's "on-site physicians, rehabilitation specialists, and clinical consultants." *Id*. "Plaintiff, in contrast, has offered the Court no appraisal whatever of the information in the record and has instead simply repeated her generalized allegations that Defendant's claims handling procedures are biased." *Id.*

Here, the evidence in the administrative record negates any inference of bias. The evidence and authorities establishing this point are discussed in detail in Hartford's memorandum at pp. 1-7 and 22-26, which are incorporated herein. The record evidence establishes that Hartford had paid Plaintiff benefits for almost two years, when it obtained information from her treating physician that she was improving. Hartford then had Plaintiff's medical file reviewed by multiple consultants and an independent, Board-certified internist (who was engaged by MES, not by Hartford). Hartford then attempted to have Plaintiff undergo an independent FCE, but she refused, short-circuited the administrative process and filed suit. Hartford had also allowed Plaintiff extensions to file additional records in support of appeal. There is no evidence whatsoever of bias. *See* Hartford Mem. at 22-26.

The Magistrate Judge did not address the contents of the administrative record and there is no indication that he engaged in the analysis required by *Clarke I* and *Clarke II* before ordering discovery, notwithstanding his reliance on those cases as the basis for his decision. For these reasons alone, the Order is contrary to law and the Objections should be sustained.

### CONCLUSION

For all of the above reasons, Defendant Hartford Life and Accident Insurance Company respectfully requests that the Court set aside the Order, to the extent it required Hartford to respond to Plaintiff's discovery requests, because it is contrary to law and clearly erroneous. Hartford further requests that the Court enter an Order: (1) granting its Motion to Set Aside, (2) sustaining Hartford's Objections to the Magistrate Judge's Order dated March 25, 2014, (3) granting it the relief requested herein; and (4) granting it such further relief as the Court deems appropriate.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (referred to in the caption as "THE HARTFORD")

/s/ David E. Constine, III
David E. Constine, III (VSB No. 23223)
Rebecca E. Ivey (VSB No. 76873)
Troutman Sanders LLP
1001 Haxall Point
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX: (804) 697-1339
david.constine@troutmansanders.com
rebecca.ivey@troutmansanders.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that on the 11th day of April, 2014, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

>Scott B. Elkind
>Elkind & Shea
>801 Roeder Rd., Ste. 550
>Silver Spring, MD 20910
>Telephone: (301) 495-6665
>Facsimile: (301) 565-5111
>  *Counsel for Plaintiff*

>/s/ David E. Constine, III
>David E. Constine, III (VSB No. 23223)
>Rebecca E. Ivey (VSB No. 76873)
>Troutman Sanders LLP
>1001 Haxall Point
>P. O. Box 1122
>Richmond, Virginia 23218-1122
>(804) 697-1200
>FAX: (804) 697-1339
>david.constine@troutmansanders.com
>rebecca.ivey@troutmansanders.com
>   *Counsel for Defendants*

21967652v1