```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


LINDA BRUCE,                        )
                                    )
     Plaintiff,                     )
                                    )
         v.                         )     1:14cv18 (JCC/TRJ)
                                    )
THE HARTFORD,                       )
                                    )
and                                 )
                                    )
THE BOOZ ALLEN HAMILTON, INC.       )
LONG TERM DISABILITY PLAN,          )
                                    )
     Defendants.                    )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Hartford Life and Accident Insurance Company's ("Defendant" or "Hartford") Motion to Set Aside and Objections to the Magistrate Judge's Order Dated March 25, 2014. [Dkt. 43.] At issue is whether the Magistrate Judge erred in permitting discovery beyond the administrative record on Defendant's structural conflict of interest. For the following reasons, the Court will deny Defendant's Motion to Set Aside.

### I.   Background

Plaintiff Linda Bruce ("Plaintiff" or "Bruce") seeks long-term disability benefits under § 502(a)(1)(B) of the

1

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA").

    A.   <u>Factual Background</u>

Plaintiff worked as a Professional Administrator for Booz Allen Hamilton ("Booz Allen"). (Compl. ¶ 11.) As a Booz Allen employee, Plaintiff participated in an employee welfare benefits plan established by her employer. (Compl. ¶ 6.) Hartford acts as both the claims administrator and insurer for the plan. (Compl. ¶ 7.) On October 19, 2010, Plaintiff became unable to work full-time after a motor vehicle accident. Plaintiff reported back pain when standing and sitting, and a physical exam conducted in March, 2011 found paravertebral tenderness and point tenderness. (H2579.[1]) Plaintiff worked part-time through March, 2011.

On February 28, 2011, Hartford notified Plaintiff of her potential eligibility for Long Term Disability ("LTD"). (H2582.) Hartford approved Plaintiff's claim for LTD, beginning on April 19, 2011. (H11.) Over the next few months, Plaintiff provided continuing proof that she was disabled. On November 28, 2012, Hartford engaged MES Solutions ("MES") to assign Plaintiff's case to an appropriate physician for an evaluation of Plaintiff's functionality. MES referred Plaintiff's case to

---

[1] The Court will refer to the administrative record using an abbreviated version of the Bates-numbered page.

2

Dr. Albert C. Fuchs.  In December, Dr. Fuchs provided a report to Hartford.  Based on the contents of this report, Hartford determined that Plaintiff was capable of "performing the essential duties of her sedentary occupation."  (Def. Mem. at 5.)  Hartford denied Plaintiff's ongoing claim for LTD by letter dated January 30, 2013, effective February 1, 2013.  (Compl. ¶ 13.)

On August 2, 2013, Plaintiff appealed her denial of LTD benefits.  (Compl. ¶ 14.)  On September 11, 2013, Hartford notified Plaintiff that an additional functional capacity evaluation ("FCE") was needed to complete its review of Plaintiff's appeal.  Through a third-party vendor, an FCE was arranged for October 30, 2013.  Plaintiff did not agree to attend the FCE.  According to Plaintiff, Hartford failed to timely decide her appeal and contacted her in excess of ERISA's 90-day review period.  (Compl. ¶ 15.)

### B. Procedural Background

On October 30, 2013, Plaintiff filed her Complaint against Hartford and the Booz Allen Hamilton, Inc. Long Term Disability Plan.  [Dkt. 1.]  On March 14, 2014, Plaintiff filed her Motion to Compel Discovery.  [Dkt. 24.]  The Motion was referred to Magistrate Judge Thomas Rawles Jones, Jr.  On March 19, 2014, Defendant filed its opposition to Plaintiff's Motion to Compel.  [Dkt. 27.]  Plaintiff filed her reply on March 20,

2014.  [Dkt. 28.]  On March 21, 2014, Magistrate Judge Jones held a hearing on Plaintiff's Motion to Compel and took the matter under advisement.  On March 25, 2014, Magistrate Judge Jones issued a Memorandum Opinion and Order granting in part and denying in part Plaintiff's Motion to Compel.  [Dkt. 31.]  The Order required Hartford to respond to Plaintiff's Interrogatory No. 1, parts (a) and (c) for years 2010-2012, Interrogatory No. 2, parts (a) and (c) for years 2010-2012, and produce all documents described in Plaintiff's Request for Production of Documents No. 2, dollar figures redacted, that apply to calendar years 2010-2012.[2]

On March 28, 2014, Defendant filed its Motion for Partial Relief from the Discovery Order of March 25, 2014.  [Dkts. 32-33.]  On April 1, 2014, Magistrate Judge Jones granted Defendant's Motion and issued an Order stating that Hartford is not required to respond to Plaintiff's Interrogatory No. 2(c) (demanding that Hartford identify the number of cases in which

---

[2] The relevant portions of Plaintiff's Interrogatory No. 1 state: "Provide the following for the years 2010 – current inclusive: (a) total number of disability claims referred to Dr. Albert C. Fuchs for the performance of reviews and or examinations; (c) how many of the stated cases found a claimant suffering from restrictions preventing work in chart form below."  The relevant portions of Plaintiff's Interrogatory No. 2 state: "Provide the following for the years 2010 – current inclusive: (a) total number of disability claims referred to MES Peer Review Services (a.k.a. MES Evaluations) for the performance of reviews and or examinations; (c) how many of the stated cases found a claimant suffering from restrictions preventing work in chart form below."  Request for Production of Documents No. 2 states: "All contractual agreements, operating instructions, or guidelines pursuant to which MES Peer Review Services (a.k.a. MED Solutions) performed any medical records review and/or peer review work during the time period 2010 – current inclusive for you."  (Def. Mem. Ex. A.)

4

MES Peer Review Services "found a claimant suffering from restrictions preventing work" for the years 2010, 2011 and 2012). [Dkt. 35.]

On April 11, 2014, Defendant filed its Motion to Set Aside and Objections to Magistrate Judge's Order Dated March 25, 2014 ("Motion to Set Aside"). [Dkt. 43.] Plaintiff filed her Opposition to Defendant's Motion to Set Aside and Objections to the Same Order on April 16, 2014. [Dkt. 47.] Defendant filed its reply on April 17, 2014. [Dkt. 48.]

Defendant's Motion to Set Aside is now before the Court.

## II. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide non-dispositive motions. Rule 72(a) also permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § (b)(1)(A); *see Fed. Election Comm'n v. The Christian Coal.*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). As a non-dispositive matter, the review of a magistrate's order is properly governed by the "clearly erroneous or contrary to law standard of review." *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008).

5

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). The leading treatise on federal practice and procedure describes the alteration of a magistrate's non-dispositive order as "extremely difficult to justify." 12 Charles Alan Wright et al., Federal Practice and Procedure § 3069 (2d ed. 1997).

A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "Clearly erroneous" and "contrary to law" are not synonymous. *HSBC Bank USA, Nat. Ass'n v. Resh*, No. 3:12-CV-00668, 2014 WL 317820, at *7 (S.D.W. Va. Jan. 28, 2014). For questions of law "there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] de novo standard." *Id.* at *7 (quoting *Robinson v. Quicken Loans Inc.*, No. 3:12–cv–0981, 2013 WL 1704839, at *3 (S.D.W. Va. Apr. 19, 2013). The Court will therefore review the factual portions of the Magistrate Judge's order under the clearly erroneous standard, but will review legal conclusions to determine if they are contrary to law. *Id.*

at *7; *see Attard Indus. Inc., v. U.S. Fire Ins. Co.*, No. 1:10cv121, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010).

### III.   Analysis

On March 25, 2014, Magistrate Judge Jones granted Plaintiff's motion to compel discovery from Hartford in order to "allow the Court to determine the likelihood that Defendant's conflict of interest (i.e., its financial incentive to avoid paying claims) improperly influenced its decision to terminate . . . benefits." (Mem. Op. at 1 (quoting *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 536 (D. Md. 2011)).  Magistrate Judge Jones reasoned:

> Like Judge Bredar in *Clark*, this court "finds the reasoning of the circuits that have allowed extra-record discovery in the wake of *Glenn* to be both persuasive and consistent with the Fourth Circuit's treatment of *Glenn* to date." *Id*. at 532 (citing to *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008)).  In the circumstances of the present case, and accepting counsel's representations on the contents of this administrative record, the court finds that the following discovery by plaintiff from The Hartford is necessary to allow plaintiff to present fairly to the district judge the improper influence issue described above.

Hartford raises four objections to Magistrate Judge Jones's Order.  (Def. Mem. at 5.)  First, Hartford argues that because the proper remedy in this case is remand, discovery related to a conflict of interest is irrelevant.  Second,

7

Hartford argues that the Magistrate Judge erred as a matter of law in allowing extra-record discovery in abuse of discretion ERISA cases. Third, Hartford claims that the Magistrate Judge erred in failing to follow *Abromitis v. Cont. Cas. Co. / CNA Ins. Co.*, 114 F. App'x 57, 61 (4th Cir. 2004). Fourth, Hartford contends that the Magistrate Judge did not carefully scrutinize the administrative record to determine whether Defendant's conflict of interest influenced its decision.

The Court will first address extra-record discovery in light of Fourth Circuit precedent and the record in this case. The Court will then turn to Defendant's argument regarding remand.

### A. Extra-record discovery in ERISA cases

As an initial matter, the Court must address the standard of review to be applied to a claim of wrongful denial of benefits under ERISA because "the scope or availability of discovery is tied to the standard of review applied." *Bartel v. Sun Life Assurance Co. of Canada*, 536 F. Supp. 2d 623, 627 (D. Md. 2008). In reviewing a plan administrator's decision, a court must engage in a two-part inquiry. First, a court must determine as a matter of *de novo* contract interpretation whether the ERISA plan at issue vested discretion in the plan administrator with respect to the contested benefits. *Kane v. UPS Pension Plan Bd. of Trustees*, No. RDB-11-03719, 2012 WL

8

5869307, at * 3 (D. Md. Nov. 19, 2012) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 340-41 (4th Cir. 2000)). Second, if the plan administrator's decision was discretionary, the court must determine whether the denial of benefits abused that discretion. *Booth*, 201 F.3d at 341-32. In this case, the administrative record indicates that "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of The Policy" has been delegated to Hartford. (H2806, 2816.) Therefore, for purposes of this discovery motion, the abuse of discretion standard of review is applicable. The Court therefore moves to the question of whether extra-record discovery is permissible where a district court reviews a plan administrator's decision for abuse of discretion.

It has long been settled law in the Fourth Circuit that in reviewing a plan administrator's decision, "the district court is limited to the evidence that was before the plan administrator at the time of the decision." *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995); *see also Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994).

In *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), however, the Supreme Court "may have opened the door

9

to additional discovery under certain conditions." *Clark*, 799 F. Supp. 2d at 531.  In *Glenn*, the Supreme Court found that where a plan administrator "both evaluates claims for benefits and pays benefits claims," it operates under a conflict of interest.  *Glenn*, 554 U.S. at 112.  This conflict of interest exists even where the plan administrator is not the employer, but is instead a professional insurance company, like Hartford.  *Id.* at 114.  Such a conflict should "be weighed as a factor in determining" whether the plan administrator abused its discretion.  *Id.* at 115 (quoting *Firestone Tire & Rubber Co v. Bruch*, 489 U.S. 101, 115 (1989)).  The Court in *Glenn* explained that the weight given to evaluator / payor conflict depends on "the likelihood that it affected the benefits decision." *Clark*, 799 F. Supp. 2d at 532 (quoting *Glenn*, 554 U.S. at 117).  In that respect, courts may consider such facts as a history of biased claims administration and steps taken to reduce potential bias and promote accuracy.  *Glenn*, 554 U.S. at 117.

*Glenn* did not specifically address the question of extra-record discovery.  Nevertheless, several circuits -- including the First, Sixth, Ninth, and Tenth -- have found that *Glenn* "necessarily contemplated discovery beyond the administrative record if courts are to properly determine the likelihood that an administrator's conflict of interest influenced its decision in a given case." *Clark*, 799 F. Supp.

10

2d at 532 (collecting cases).  The Fourth Circuit has yet to weigh in on the question of *Glenn*'s effect on the availability of extra-record discovery in ERISA cases.  As the court noted in *Clark,* several of the Fourth Circuit's post-*Glenn* ERISA cases "appear to acknowledge the relevance of extra-record evidence in determining the significance of a conflict."  *Clark*, 799 F. Supp. 2d at 532 (citing *Champion v. Black & Decker (U.S.), Inc.*, 550 F.3d 353, 362 (4th Cir. 2008) ("[Plaintiff] provides no contrary evidence tending to show that the Plan's dual role affected the benefits decision"); *Vaughan v. Celanese Americas Corp.*, 339 F. App'x 320, 328 (4th Cir. 2009) (noting with approval a district court's three-day hearing on the effect of a conflict of interest, after which it made factual and credibility determinations); *Spry v. Eaton Corp. Long Term Disability Plan*, 326 F. App'x 374, 768-79 (4th Cir. 2009)).

Accordingly, Judge Bredar in *Clark* found that *Glenn* created an exception to the general rule that extra-record discovery is unavailable to ERISA plaintiffs.  Specifically, he reasoned that "such discovery is available when an administrator has a structural conflict of interest and information not contained in the record is necessary to enable the court to determine the likelihood that the conflict influenced the particular benefits decision at issue."  *Clark*, 799 F. Supp. 2d

at 533.[3]  Other district courts within the Fourth Circuit have likewise found that extra-record discovery can be permissible on the question of an administrator's structural conflict of interest.  *See Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2012 WL 32568, at *3 (D. Md. Jan 5, 2012); *Patel v. United of Omaha Life Ins. Co.*, No. DKC-12-0880, 2012 WL 2370129, at *3 (D. Md. June 21, 2012); *Kane v. UPS Pension Plan Bd. of Trustees*, 2012 WL 5869307, at *4; *McDonough v. Aetna Life Ins. Co.*, No. 3:09cv71, 2010 WL 1418878, at *8 (W.D. Va. Apr. 8, 2010).  However, conflict-oriented discovery is needed only to the extent that there are gaps in the administrative record.  *Yelton v. ScanSource, Inc.,* No. 6:13-1081-HMH, 2013 WL 6064108, at *12 (D.S.C. Nov. 18, 2013).  "Thus, discovery is available under abuse of discretion review to the extent necessary to fill in gaps in the administrative record necessary for a court to determine the impact of a conflict of interest in a benefits determination."  *Id.*

Defendant argues that *Clark* and other district court cases that have recognized the availability of extra-record discovery for ERISA plaintiffs are inconsistent with the controlling authority in the Fourth Circuit.  Defendant contends that *Dean v. Daimlerchysler Life, Disability & Health Care*

---

[3] After ordering supplemental briefing on this issue, the court in *Clark* ultimately denied plaintiff's motion to compel, finding that the administrative record sufficiently presented the issue of bias.  *Clark*, 799 F. Supp. 2d at 536.

*Benefits Program*, No. RDB-092992, 2010 WL 3895363 (D. Md. Sept. 29, 2010), *aff'd*, 2011 WL 2836952 (4th Cir. July 19, 2011) (unpublished) is controlling. *See also Washington v. Companion Life Ins. Co.*, 8:10cv03017, Dkt. 41 (Dec. 5, 2011) (denying motion to compel based on *Dean*). In *Dean*, the district court denied discovery on the plan administrator's conflict of interest, noting, "since this Court has already determined that Chrysler had a conflict of interest, Dean's request for further discovery on this issue is, presumably, moot. Nonetheless, to the extent Dean intends to seek discovery on other issues, it is axiomatic that this Court may only consider the materials that were before the Program fiduciaries at the time of the denial." *Dean*, 2010 WL 3895363, at *3. The Fourth Circuit affirmed per curiam, citing to *Bernstein,* 70 F.3d at 788-89, in finding that the district court did not err in failing to consider the plan's financial difficulties. *Dean*, 2011 WL 2836952.

Contrary to Defendant's argument, *Dean* does not categorically preclude the type of discovery ordered by Magistrate Judge Jones. The Fourth Circuit in *Dean* did not address the implications of *Glenn* on extra-record discovery. Instead, the Fourth Circuit repeated the general rule from *Bernstein*: review for abuse of discretion is limited to the evidence before the plan administrator. *Dean*, 2011 WL 2836952. This language from *Dean* does not explicitly foreclose *Clark's*

13

holding that *Glenn* created an exception to this general rule. *See Clark*, 799 F. Supp. 2d at 553.

Moreover, the district court in *Dean* appeared to draw a distinction between discovery on the administrator's conflict of interest, such as that ordered by Magistrate Judge Jones, and discovery on other issues. *Dean,* 2010 WL 3895363, at *3. The district court noted that the question of conflict of interest discovery was "moot" because the conflict was already established. *Id.* Only in discussing "discovery on other issues" did the district court cite to *Bernstein*. *Id.* Moreover, Judge Bennett, who decided *Dean*, again addressed this issue in *Kane* and granted a plaintiff's extra-record discovery request with respect to the conflict of interest. *Kane*, 2012 WL 5869307, at *4. Thus, *Dean* has not been viewed as a bar to extra-record discovery by the very district court that issued the decision.

Additionally, the Fourth Circuit has more recently addressed the role of extrinsic evidence in abuse of discretion ERISA cases in *Helton v. AT & T Inc.*, 709 F.3d 343, 354 (4th Cir. 2013). In *Helton*, the Fourth Circuit noted, "one can envision many circumstances in which a court would need to look to extrinsic evidence to evaluate the adequacy of the administrative record . . . or the impact of a plan fiduciary's conflict of interest. . . ." *Helton*, 709 F.3d at 354 (citing

14

*Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1158 (10th Cir. 2010) ("[W]ithout discovery, a claimant may not have access to the information necessary to establish the seriousness of the conflict [of interest].")). While, as Defendant notes, *Helton* was not a conflict of interest discovery case, (Def. Mem. Opp'n to Motion to Compel, [Dkt. 27], at 17), the Fourth Circuit's language and the court's favorable citation to *Murphy* are instructive here.

Having reviewed these authorities, the Court will overrule Hartford's objection to the Magistrate Judge's treatment of Fourth Circuit precedent. The relevant authority from within this circuit indicates that limited extra-record discovery on a plan administrator's conflict of interest can be ordered in ERISA cases in light of *Glenn*. Where, as here, the Magistrate Judge finds that the administrative record does not afford adequate presentation of the plan administrator's structural conflict of interest, ordering extra-record discovery is not in error. The Magistrate Judge's decision to follow the logic of the court in *Clark* was not clearly erroneous or contrary to law.

Defendant further argues that discovery aimed at evaluating the relationship between Hartford and third-parties to which it refers claims is impermissible under *Abromitis v. Cont. Cas. Co. / CNA Ins. Co.*, 114 F. App'x 57, 61 (4th Cir.

15

2004).  In *Abromitis,* the Fourth Circuit found that the district court had not erred in denying a plaintiff's discovery motion seeking "how much business" the plan administrator provided to a particular doctor.  *Abromitis*, 114 F. App'x at 61.  The Court noted that the relevant conflict of interest is that of the plan administrator, not the administrator's "paid employees and consultants," which plainly operate under a conflict of interest.  *Id.*  Defendant argues that *Abromitis* therefore forecloses the discovery Plaintiff seeks into Hartford's relationship with MES and Dr. Fuchs.

Some district courts that have considered this issue post-*Glenn* have permitted extra-record discovery as to a plan administrator's relationship with third parties.  *See Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2012 WL 32568, at *3 (D. Md. Jan. 5, 2012) (ordering limited discovery into the alleged relationships among "the plan administrator, the insurer and various medical providers")[4]; *see also Achorn v. Prudential Ins. Co. of Am.* No. 1:08cv125, 2008 WL 4427159, at *6

---

[4] In *Anderson*, the court noted at the summary judgment stage that it was the insurer's "conflict of interest that is one of the factors in the abuse of discretion analysis, not the doctors."  *Anderson v. Reliance Standard Life Ins. Co.,* CIV. WDQ-11-1188, 2013 WL 1190782, at *7 (D. Md. Mar. 21, 2013), *appeal dismissed* (July 9, 2013).  Defendant thus argues that this statement is an implicit recognition of the "impropriety of the discovery that had been ordered." (Reply at 10.)  The Court disagrees with this assessment.  The district court in *Anderson* did not find that the discovery ordered was improper, and noted that the insurer's "IME and peer review referrals indicate that it was not inherently biased" as evidence on the structural conflict of interest.  *Anderson*, 2013 WL 1190782, at *7.

(D. Me. Sept. 25, 2008). As the court in *Achorn* explained, this information goes to the potential bias of the administrator because it explores the possibility of bias within the referral process "where it is already known that a structural conflict exists." *Achorn*, 2008 WL 4427159, at *6.

In light of *Glenn*, the Court concludes that the Magistrate Judge's Order does not run afoul of *Abromitis*. The court's statement in *Abromitis* that the relevant conflict of interest is that of the plan administrator remains the controlling law on the merits inquiry into an administrator's abuse of discretion. *See also Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2013 WL 1190782, at *7 (D. Md. Mar. 21, 2013). However, *Abromitis* was decided pre-*Glenn* and its rulings regarding discovery were based upon the general rule that extra-record discovery was rarely appropriate where the conflict of interest was apparent. As the court in *Clark* explained, "*Glenn* created an exception" to this general rule. *Clark*, 799 F. Supp. 2d at 533. Moreover, the Magistrate Judge's decision to order limited extra-record discovery into Hartford's referral practices and outcomes with particular third-party providers, while not endorsed by *Abromitis*, was not foreclosed by it. The Court agrees that MES and Dr. Fuchs are plainly conflicted and their conflict is not one of the factors in the abuse of discretion analysis. However, the information Hartford

17

has been ordered to produce -- statistics concerning claims referred to Dr. Fuchs and MES by Hartford, the number of cases in which Dr. Fuchs found claimants to be suffering from restrictions preventing work, and any agreements or guidelines pursuant to which MES operated -- goes to potential bias within Hartford's referral process, which may be relevant on the question of its structural conflict of interest.  The Court will therefore overrule Defendant's objection regarding third-party vendors.

Finally, Defendant argues that the Magistrate Judge erred in failing to carefully scrutinize the record to determine that discovery is necessary in this case.  Magistrate Judge Jones's evaluation of the administrate record in this case was not clearly erroneous or contrary to law.  After a full briefing and conducting a hearing on the issue, the Magistrate Judge found that discovery was necessary for an adequate presentation of the conflict of interest "in the circumstances of the present case."  Magistrate Judge Jones did not order discovery to the extent requested by Plaintiff.  Instead, he granted Plaintiff's motion as to specific lettered portions of Plaintiff's interrogatories and requests for production.  Therefore, this Court finds no error in the thoroughness of the review afforded the administrative record in this case.

### B. Remand

Defendant further argues that discovery aimed at examining a structural conflict of interest is unnecessary because the only remedy available to the Plaintiff in this case is remand. (Def. Mem. at 7.) Defendant's argument regarding the ultimate disposition of this case is misplaced. The question of the appropriate remedy in this case is not before the Court. Because the Court cannot properly reach the issue of whether remand to the plan administrator is required, it will not overrule the Magistrate Judge's discovery order on these grounds. Accordingly, the Court will overrule Defendant's objection.

### C. Plaintiff's Objections to the Discovery Order

In her opposition to Defendant's motion, Plaintiff argues that this Court should order further discovery of Dr. Fuchs's reports. Plaintiff makes no argument as to why Magistrate Judge Jones's refusal to grant discovery as to these reports was clearly erroneous or contrary to law. (Pl. Opp'n at 17.) Furthermore, to the extent that Plaintiff intended to raise an objection, her filing was not timely under Rule 72(a). Accordingly, Plaintiff's objection is overruled.

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Set Aside.

An appropriate Order will issue.

|  |  |
|---|---|
| May 1, 2014 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |